IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| STANDARD STATIONERY SUPPLY CO. | ) | |
| | ) | Case No. 18-06409 |
| | ) | |
| Debtor. | ) | |
| | ) | Honorable Jack B. Schmetterer |
| | ) | |
| Philip V. Martino, not individually, but solely as Chapter 7 trustee, | ) ) | Adversary Case No.: 18-00895 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| ACCO Brands, Inc. f/k/a ACCO USA, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Philip V. Martino, as chapter 7 Trustee ("**Trustee**" or "**Plaintiff**"), of the estate of Standard Stationery Supply Co. ("**Debtor**"), by counsel, hereby submits the following Proposed Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. The Defendant, ACCO Brands, INC. f/k/a ACCO USA, Inc. ("**Defendant**"), is a corporation organized under the laws of the state of Delaware.

2. On March 6, 2018 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 §§ U.S.C. 101 *et seq.* (the "**Bankruptcy Code**"), and Philip V. Martino was duly appointed to serve as the Chapter 7 Trustee for the estate.

QB\56336895.1

3. The Court has jurisdiction over this matter and the authority to grant the requested relief pursuant to 28 U.S.C. §§ 157 and 1334(a).

4. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2), and venue is proper pursuant to 28 U.S.C. § 1408 and 1409.

5. Defendant received transfers of property or funds belonging to Debtor on or within 90 days before the Petition Date (the "**Preference Period**") in the amount of $45,551.93 (the "**Transfers**").

6. The transfers were related to Debtor's prior purchase of inventory.

7. On or about July 12, 2018, Trustee sent Defendant a letter demanding immediate payment of the Transfers (the "**Demand Letter**"), however, Defendant has not responded to the Demand Letter or otherwise made any payment as set forth in the Demand Letter.

## CONCLUSIONS OF LAW

8. During the Preference Period, Debtor made the Transfers to or for the benefit of the Defendant, a creditor of Debtor within the meaning of Section 101 of the Bankruptcy Code.

9. Defendant was the initial transferee of the Transfers.

10. The Transfers were for, or on account of, an antecedent debt owed by the Debtor to the Defendant before such Transfers were made (the "**Debt**").

11. The Transfers were made while Debtor was insolvent.

12. Trustee is entitled to avoid the Transfers pursuant to Section 547(b) of the Bankruptcy Code.

13. Trustee is entitled to recover the Transfers or their value from Defendant pursuant to Section 550(a) of the Bankruptcy Code.

14. Judgement should be entered in favor of Plaintiff, Philip V. Martino, and against the Defendant, ACCO Brands, INC. f/k/a ACCO USA, Inc., for the sum of $45,900.93, which includes the aggregate amount of the Transfers, plus $350.00 the Plaintiff incurred in connection with filing this case.

Dated this 12 day of March, 2019.

BY THE COURT:

Honorable Jack B. Schmetterer
United States Bankruptcy Judge

QB\56336895.1

Form G6 (20170308_apo)

Chicago, IL 60654
(312) 715-5182

Case 18-00895 Doc 21 Filed 03/12/19 Entered 03/13/19 09:53:10 Desc Main Document Page 4 of 4

Form G6 (20170308_apo)

Chicago, IL 60654
(312) 715-5182